[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10730

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICENTE LUIS SANTOS MERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:17-cr-00128-JDW-TGW-2

_____

Before JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Vicente Luis Santos Mero, a federal prisoner proceeding *pro se*, appeals following the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

Mr. Mero was convicted of one count of conspiracy to distribute five kilograms or more of cocaine while on a vessel subject to the jurisdiction of the United States, *see* 21 U.S.C. § 960(b)(1)(B)(ii), 46 U.S.C. §§ 70503(a), 70506(a)-(b), and sentenced to the statutory mandatory minimum of 120 months. The district court denied his motion for compassionate release for a number of reasons, including that (i) he did not identify an extraordinary and compelling reason for release despite the risk of serious illness or death from COVID-19 while in prison, and (ii) the 18 U.S.C. § 3553(a) factors did not weigh in favor of his release.

With respect to demonstrating an extraordinary and compelling reasons, Mr. Mero asserts that our decision in *United States v. Bryant*, 996 F.3d 1243 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021), was wrongly decided and inapplicable. He also contends for the first time on appeal that he has tuberculosis, which other courts have found qualified as a condition that warranted compassionate release. But he does not make any arguments about the

district court's determination that the § 3553(a) factors do not justify early release.

When appropriate, we will review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). The district court need not conduct the compassionate release analysis in any particular order. *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). A district court may reduce a term of imprisonment if the § 3553(a) factors favor doing so, there are extraordinary and compelling reasons for doing so, and the reduction will not endanger any person or the community. *See id.* All of these necessary conditions must be satisfied before the court can grant a reduction. *See id.* Therefore, the absence of even one condition would foreclose a sentence reduction. *See id.* at 1238.

An appellant abandons a claim where he makes it only a passing reference to it or refers to it in a perfunctory manner without authority or argument in support. *See Sapuppo v. Allstate Floridian Ins., Co.*, 739 F.3d 678, 681 (11th Cir. 2014). Forfeiture is the failure to make a timely assertion of a right, and the failure to raise an issue in an initial brief on direct appeal is treated as forfeiture of the issue. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc). When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground and the judgment is due to be affirmed. *See Sapuppo*, 739 F.3d at 680.

Here, Mr. Mero does not expressly challenge, or even mention, the district court's determination that the § 3553(a) factors did not merit relief. As such, he has abandoned this issue by not mentioning it at all, and it is forfeited. *See Sapuppo*, 739 F.3d at 681. As the § 3553(a) factors are a necessary component of compassionate release, we can affirm on this ground alone. *See Tinker*, 14 F.4th at 1237–38. Because Mr. Mero failed to challenge one of the grounds the district court based its judgment, that judgment is affirmed. *See Sapuppo*, 739 F.3d at 680.

**AFFIRMED.**